FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 9 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Joy Jordan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | **1 09-cv-1666** |
| ) | |
| Slater, Tenaglia, Fritz & Hunt, PA, ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |

TWT

## COMPLAINT

COMES NOW the Plaintiff, JOY JORDAN ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, SLATER, TENAGLIA, FRITZ & HUNT, PA, alleges and affirmatively states as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of SLATER, TENAGLIA, FRITZ & HUNT, PA (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Georgia, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory Relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Atlanta, County of Fulton, State of Georgia, is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company located in the City of Ocean City, County of Cape May, State of New Jersey.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of an alleged debt.

12. Defendant places collection calls to Plaintiff at 404-243-9246.

13. Defendant places collection calls to Plaintiff and the caller ID displays "out of area" with no telephone number indicated.

14. Defendant places collection calls to Plaintiff and hangs up without leaving Plaintiff a voicemail message.

15. Defendant places collection calls to Plaintiff without meaningful disclosure of the caller's identity.

16. Defendant places collection calls to Plaintiff without disclosing that the call is from a debt collector.

17. Defendant places collection calls to Plaintiff and threatens to file a lawsuit, but has not done so.

18. Defendant places collection calls to Plaintiff and represents that he is "John Tenaglia," a named partner of the firm.

19. Plaintiff sent a letter to Defendant requesting validation of the debt.

20. Defendant failed to provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

20. Defendant **violated the FDCPA.** Defendant's violations include, but are not limited

to the following:

a). Defendant violated §1692c(c) of the FDCPA by continuing to communicate with Plaintiff via telephone after Defendant was notified in writing that Plaintiff is disputing the alleged debt.

b). Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff in connection with the collection of a debt.

c). Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

d). Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

e). Defendant violated §1692e(3) of the FDCPA by falsely representing that the caller is an attorney and/or the communication is from an attorney.

f). Defendant violated §1692e(5) of the FDCPA by threatening to file a lawsuit against Plaintiff without intending to take such action.

g). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff from "out of area" numbers.

h). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff and hangs up without leaving a voicemail message.

i). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff without meaningful disclosure of the caller's identity.

j). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff and does not disclose the call is from a debt collector.

k). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff and threatens to file a lawsuit is immediate payment is not made.

l). Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant places calls to Plaintiff representing that the call is from "John Tenaglia," a named partner of the firm.

m). Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector.

n). Defendant violated §1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from

stress, anxiety, humiliation, anger and fear. (See Exhibit A).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Declaratory judgment that the Defendant's conduct violated the FDCPA.

23. Actual damages.

24. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

25. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

26. Any other relief that this court deems to be just and proper.

DATED: June 11, 2009

RESPECTFULLY SUBMITTED,

By: _____

Alex Simanovsky, Esq.
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta GA 30345
678-781-1012

Of Counsel to:
Krohn & Moss, Ltd.
10635 Santa Monica Blvd.
Suite 170
Los Angeles, CA 90025

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOY JORDAN, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA

Plaintiff, JOY JORDAN, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOY JORDAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 6/10/09

_____
JOY JORDAN

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| # | Symptom | Response |
|---|---------|----------|
| 1. | Sleeplessness | **YES** NO |
| 2. | Fear of answering the telephone | **YES** NO |
| 3. | Nervousness | **YES** NO |
| 4. | Fear of answering the door | YES **NO** |
| 5. | Embarrassment when speaking with family or friends | YES **NO** |
| 6. | Depressions (sad, anxious, or "empty" moods) | **YES** NO |
| 7. | Chest pains | YES **NO** |
| 8. | Feelings of hopelessness, pessimism | YES **NO** |
| 9. | Feelings of guilt, worthlessness, helplessness | **YES** NO |
| 10. | Appetite and/or weight loss or overeating and weight gain | YES **NO** |
| 11. | Thoughts of death, suicide or suicide attempts | YES **NO** |
| 12. | Restlessness or irritability | **YES** NO |
| 13. | Headache, nausea, chronic pain or fatigue | **YES** NO |
| 14. | Negative impact on my job | YES **NO** |
| 15. | Negative impact on my relationships | YES **NO** |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____

_____

_____

_____

_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/10/09

Signed Name: *[signature]*

Printed Name: JOY N. JORDAN

AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| Joy Jordan )<br>Plaintiff )<br>v. )<br>Slater, Tenaglia, Fritz & Hunt, PA, )<br>Defendant ) | Civil Action No.<br>**1 09-cv-1666** |

**Summons in a Civil Action**

To: *(Defendant's name and address)*

Slater, Tenaglia, Fritz & Hunt, PA
301 Third Street
Ocean City NJ 08226

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Krohn & Moss, Ltd.
10635 Santa Monica Blvd.
Suite 170
Los Angeles, CA 90025

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**JAMES N. HATTEN**
Name of clerk of court

Date:  22 JUN 2009

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

AO 440 (Rev. 04/08) Civil Summons (Page 2)

## Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____
_____; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
       who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
_____; or

    (4) returning the summons unexecuted to the court clerk on _____; or

    (5) other *(specify)* _____
_____
_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

Date: _____

                                                         _____
                                                          Server's signature

                                                          _____
                                                          Printed name and title

                                                          _____
                                                          Server's address